FILED
SUPERIOR COURT
OF GUAM
2019 MAY 29 PM 3: 57
CLERK OF COURT
By:_____

# IN THE SUPERIOR COURT OF GUAM

| | |
|---|---|
| PEOPLE OF GUAM,<br><br>vs.<br><br>**KC RAYPHAND,**<br>(*aka* Temme Heatson; Redman Puas; Lini Ez; Scott Rodriguez; Ktwo Luke; Jay Sam; Envy Raymond)<br>DOB: 07/06/1987 or 10/06/1989<br><br>Defendant. | CRIMINAL CASE NO. CF0263-17<br><br><br>**DECISION AND ORDER** |

## INTRODUCTION

This matter came before the Honorable Arthur R. Barcinas on February 28, 2019, upon the People's Motion to Revoke Probation ("Motion") filed February 1, 2019. Defendant KC Rayphand ("Defendant") was represented by Attorney Joshua Walsh. Assistant Attorney General Jeremiah Luther represented the People of Guam ("the People"). Having reviewed the pleadings and having heard oral arguments and testimony in this matter, the Court issues the following Decision and Order.

## BACKGROUND

On May 18, 2017, Defendant KC Rayphand was charged with AGGRAVATED ASSAULT (as a Third Degree Felony). See Indictment (May 18, 2017). On November 8, 2017, the Defendant pled guilty to ASSAULT (as a Misdemeanor). Pursuant to the Plea Agreement, the Defendant was sentenced to one (1) year imprisonment at the Department of Correction with all but six (6) months suspended and with credit for time served. See Plea Agreement (November 20, 2017). The Defendant was also placed on probation for one (1) year. Id.

On November 5, 2018, Probation Officer Erik Cruz filed a Violation Report indicating that the Defendant failed to report as ordered, failed to attend and complete counseling, failed to make payments for court costs, and failed to perform and complete community service. See Violation Report (Nov. 5, 2018). Additionally, the report noted that the Defendant had an outstanding warrant of arrest in Criminal Case No. CF0005-17 issued on October 15, 2018. Id. Consequently, the Court issued a Summons ordering the Defendant to appear pursuant to the Violation Report.

On November 29, 2018, Probation Officer Erik Cruz filed a Second Violation Report indicating that the Defendant failed to obey all the laws of Guam. See 2nd Violation Report (Nov. 29, 2018). Specifically, that on November 21, 2018, a Magistrate's Complaint was filed in Criminal Case No. CM0564-18, charging the Defendant with: 1) FOURTH DEGREE CRIMINAL SEXUAL CONDUCT (as a Misdemeanor); 2) HARASSMENT (as a Petty Misdemeanor); and 3) DISORDERLY CONDUCT (as a Petty Misdemeanor). Id. Again, the Defendant was summoned to appear before the Court pursuant to the First and Second Violation Reports.

On January 31, 2019, at the hearing on Defendant's First and Second Violations, the Court learned that the Defendant entered a guilty plea in Criminal Case No. CM0564-18. Additionally, the Court was informed of another guilty plea the Defendant entered into in Criminal Case No. CM0495-18. As a result of the arrest in Criminal Case No. CM0564-18, the Defendant could not comply with the terms of probation in this matter and therefore, the First Violation Report issued. The People then moved orally to revoke the Defendant's probation and the Court ordered the parties to file their corresponding motions. The People filed their Motion to Revoke Probation on February 1, 2019, and the Defendant filed his Opposition on February 18, 2019.

On February 28, 2019, a hearing was held on the People's Motion. At the hearing, the People informed the Court that the Defendant was also scheduled to appear before the Parole Board in Criminal Case No. CF0361-11 for a revocation hearing that same day. The Court subsequently ordered Probation Officer Erik Cruz to file an informational report regarding the

Defendant's parole status. According to the Informational Report filed on May 2, 2019, the Defendant's parole in Criminal Case No. CF0361-11 was revoked and the Defendant was ordered to serve a sentence of six (6) months and thirteen (13) days. At the conclusion of the February 28, 2019 hearing, the Court took the People's Motion to Revoke Probation under advisement.

## DISCUSSION

Probation is a privilege, not a right to which a defendant is entitled. People v. Camacho, 2009 Guam 6 ¶ 26. However, once probation is granted, courts cannot simply revoke such privilege at its discretion. Id. Only "upon a showing of probable cause that a defendant has violated a condition of his or her probation," and when the court is "satisfied that the offender has inexcusably failed to comply with a substantial requirement imposed" by the conditions, may the court revoke probation. See 9 G.C.A. § 80.66(a)(1) and (2). Moreover, "[v]iolation of a condition shall not result in revocation . . . unless the court determines that revocation under all circumstances . . . will best satisfy the ends of justice and the best interests of the public." 9 G.C.A. § 80.66(a)(2). Thus, probation revocation is a two-step process in which the Court must first determine if the probation violation occurred, and then determine if the violation warrants revoking probation. Camacho, 2009 Guam 6 ¶ 26. Should the court ultimately revoke probation, "it may impose on the offender any sentence that might have been imposed originally for the crime of which he was convicted." 9 G.C.A. § 80.66(b).

The Defendant's plea agreement set forth the terms of his probation that required the Defendant, among other conditions, to: 1) report monthly in person; 2) attend and complete counseling; 3) pay court costs; 4) perform fifty (50) hours of community service; and 5) obey all local and federal laws. Here, it is clear that the Defendant violated the terms of his probation when he picked up new charges and entered a guilty plea in Criminal Case No. CM0564-18. Thus, the Court finds that there is probable cause to determine that the Defendant has violated a term of his probation in the above matter, and that such violation warrants revocation of probation. It is also important to highlight the Defendant's extensive criminal history and record of aliases. According to the informational report filed by Probation Officer Erik Cruz on

February 1, 2019, the Defendant has outstanding cases and aliases in Criminal Case No. CF0263-17; CF0200-12; CM0783-12; CM0279-14; CF0358-18; CF0238-16; CF0577-16; CF0005-17; CF0564-18; and CM0486-18. Therefore, because it is highly probable that the Defendant will likely continue to violate the terms of his probation, the Court finds that revocation would best satisfy the ends of justice and the best interests of the public. Finally, the Parole Board has revoked the Defendant's parole in Criminal Case No. CF0361-11 and ordered the Defendant to serve a sentence of six (6) months and thirteen (13) days. Thus, in considering all the circumstances, the Court finds that revocation of the Defendant's probation is proper pursuant to 9 G.C.A. § 80.66(a)(2) and **GRANTS** the People's Motion to Revoke Probation. Accordingly, the Court hereby **ORDERS** the Defendant's probation **REVOKED** and imposes a sentence of *thirty (30) days* with credit for time served.

## CONCLUSION

For the reasons set forth above, the Court **GRANTS** the People's Motion to Revoke Probation and imposes on the Defendant a sentence of *thirty (30) days* with credit for time served.

**IT IS SO ORDERED** ___**MAY 2 9 2019**___ .

_____
**HONORABLE ARTHUR R. BARCINAS**
**Judge, Superior Court of Guam**

**SERVICE VIA COURT BOX**
I acknowledge that a copy of the original hereto was placed in the court box of:
___AG; L.Travis___
Date: 5/29/19 Time: 4:00
(0)
Deputy Clerk, Superior Court of Guam